UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60297-CIV-COHN/SELTZER

U.S. COMMODITY FUTURES
EXCHANGE COMMISSION,

       Plaintiff,

vs.

VISION FINANCIAL PARTNERS, LLC, et al.,

       Defendants,

and

PROMETHEUS ENTERPRISES, INC., et al.,

       Relief Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' and Relief Defendants'

Motion to Dismiss Complaint [DE 39] ("Motion").  The Court has considered the Motion,

Plaintiff's Response [DE 43], and Defendants' Reply [DE 58], and is otherwise advised

in the premises.  For the reasons that follow, the Court will **DENY** the Motion.

**I.**      **Standard**

      Defendants move to dismiss under both Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).  Rule 12(b)(1) concerns dismissal of a complaint for lack of

subject-matter jurisdiction.  Rule 12(b)(6) mandates dismissal for failure to state a claim.

The distinction matters because factual challenges are appropriate under Rule 12(b)(1)

and the Court may look beyond the pleadings and weigh evidence under that Rule.

Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003).  Rule 12(b)(6), on the

other hand, confines the Court's inquiry to the plaintiff's allegations in its complaint. Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

Only 12(b)(6) applies to the instant Motion.  Rule 12(b)(1) does not.  The Motion seeks dismissal because the Plaintiff Commodity Futures Exchange Commission ("the Commission") lacks the authority to bring the suit.  Defendants argue that the Commodity Exchange Act ("the Act") permits the Commission to regulate only a limited class of transactions, and that Defendants' conduct falls outside its scope.  Defendant couches this argument in terms of the Commission's "jurisdiction" [DE 39 at 6] and therefore moves to dismiss under Rule 12(b)(1).

But Rule 12(b)(1) concerns the subject-matter jurisdiction of *this Court*, not an administrative agency bringing suit before it.  This Court has subject-matter jurisdiction because the Commission purports to sue under the Commodity Exchange Act, which is a federal statute.  Of course, 28 U.S.C. § 1331 confers upon the district courts "all civil actions arising under the Constitution, laws, or treaties of the United States."   See 28 U.S.C. § 1331.  Even though the parties dispute whether the Act ultimately applies, jurisdiction lies unless the claims under the Act "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."  Bell v. Hood, 327 U.S. 678, 682–83 (1946).  This is not the case here.  Accordingly, the Court evaluates Defendants' Motion under Rule 12(b)(6). See Morrison v. National Australia Bank Ltd., 561 U.S. 247, 254 (2010) (holding that the scope of the Securities Exchange Act is a "merits question" inappropriate for resolution under Rule 12(b)(1)).

Per Rule 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Importantly, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely."  Id. at 556.

With this standard in mind, the Court turns to the instant suit.

## II.      Background

The Commission alleges that Defendants Vision Financial Partners and its key man, Neil Pecker, are fraudsters violating the Commodity Exchange Act.   According to the Complaint, Pecker and Vision Financial recruited investors in so-called "binary options."  The binary options at issue are traded through three trading platforms: Bank de Binary, SpotOption, and Binex Markets.  [DE 1 at 6.]  The platforms are foreign. Bank de Binary is located in Israel.  SpotOption is located in Cyprus.  And Binex is located in the United Kingdom.  [Id.]  Investors deposit money with the trading platform or with Vision, and give Vision and Pecker authority to trade on the account.  [Id. at 9.]

3

Pecker and Vision operate from Florida.  [Id. at 4–5.]  The Complaint does not identify or meaningfully describe any of Pecker and Vision's investors.

The Commission alleges significant misconduct in connection with this binary option scheme.  According to the Complaint, Vision and Pecker did not invest the majority of the funds they received.  [Id. at 10.]  Instead, Pecker misappropriated the funds by diverting them through bank accounts held by the Relief Defendants in this case: Prometheus Enterprises, Inc., Westward International, Ltd., Coucarin Holdings Ltd., and GDCM Trust.  [Id. at 11–12.]  Pecker is the sole signatory on these accounts and the Relief Defendants provide no legitimate service to the investors.  Pecker allegedly used these funds to pay for his personal expenses, "such as food, shopping, and casino expenses, as well as numerous cash withdrawals."  [Id. at 12.]  The Complaint also alleges other bad acts, including providing investors with bogus performance reports [id. at 10], lying about the nature of the binary options investments [id. at 8–9], and failing to properly register with the Commission [id. at 9].

The Commission sues Defendants and Relief Defendants pursuant to 7 U.S.C. § 13a-1.  This provision permits the Commission to sue for "violation of any provision of [the Commodity Exchange Act], regulation, or order thereunder."  § 13a-1(a).  It allows the Court to grant injunctive and equitable relief, impose civil penalties, and enter such other orders requiring compliance with the Commodity Exchange Act.  § 13a-1(a)–(d).

The Complaint includes seven counts, which will be briefly described here. Count I claims that Defendants violated 7 U.S.C. § 6c(b) and related regulations by cheating or defrauding others in connection with an option transaction.  [DE 1 at 13.] Count II claims that Defendants violated 7 U.S.C. § 9(1) and related regulations through

the use of deception and misleading statements or omissions in connection with a swap.  [DE 1 at 15.]  Count III claims that Defendants violated 7 U.S.C. § 6o(1) and related regulations by using the mails to perpetuate a fraud while acting as a Commodity Trading advisor.  [DE 1 at 17.]  Count IV claims that Defendant Vision failed to properly register as a Commodity Trading advisor in violation of 7 U.S.C. § 6m(1).  [DE 1 at 19.]  Count V claims that Defendant Pecker failed to properly register as the Associated Person of a Commodity Trading Advisor in violation of 7 U.S.C. § 6k(3) and related regulations.  [DE 1 at 20.]  Count VI alleges that Vision violated 17 C.F.R. § 4.30(a) by soliciting investment funds in its own name.  [DE 1 at 21.]  And, finally, Count VII seeks disgorgement of the allegedly misappropriated funds from the Relief Defendants.  [DE 1 at 22.]

### III.    Discussion

Defendants have moved to dismiss the Commission's suit in its entirety.  They make two significant arguments.[1]  First, Defendants contend that the Commodity Exchange Act does not extend the Commission's authority to binary options.  Second, Defendants state that the Act does not apply to the binary options in this case because they were purchased by foreign investors and exchanged on foreign trading platforms.  Both these arguments fail.  The Court will address each, in turn.

---

[1] Defendants also argue that binary options are not "swaps" under the Commodity Exchange Act [DE 39 at 11] and that the Commodity Exchange Act's provisions concerning swaps are void for vagueness [id. at 14].  The Court need not reach these arguments, as the Court concludes that the Commission acts within its authority to regulate options.

### A.      The Commodity Exchange Act covers binary options.

Defendants first argue that the Court should dismiss the Commission's Complaint

because the Commission lacks authority to sue over transactions involving binary

options.  The Court disagrees.

As set forth above, 7 U.S.C. § 13a-1(a) permits the Commission to sue

"[w]henever it shall appear to the Commission that any registered entity or other person

has engaged, is engaging, or is about to engage in any act or practice constituting a

violation of any provision of [the Commodity Exchange Act], or any rule, regulation, or

order thereunder."  Section 6c(b) provides that no commodity options are permitted

unless they comply with the Act or the Commission's regulations.  The Section provides:

> No person shall offer to enter into, enter into or confirm the
> execution of, any transaction involving any commodity
> regulated under [the Act] which is of the character of, or is
> commonly known to the trade as, an "option" . . . contrary to
> any rule, regulation, or order of the Commission prohibiting
> any such transaction or allowing any such transactions
> under such terms and conditions as the Commission shall
> prescribe.

Further, 7 U.S.C. § 1a(36) mirrors this language in defining "commodity options" within

the Act's reach:

> The term "option" means an agreement, contract, or
> transaction that is of the character of, or is commonly known
> to the trade as, an "option" . . . .

Defendants argue that the Court should dismiss this case because binary options

are not really options at all.  Rather, the term is a misnomer.  In making this argument,

Defendants hone in on "the essence of an option" [DE 39 at 7], which Defendants

contend is "that it gives its owner/investor the right to buy or sell the underlying asset to

which it relates."  [Id.]  Defendants argue that binary options do not confer such a right,

6

and therefore fall outside the Commodity Exchange Act and the Commission's authority

to sue.  [Id.]

The Court disagrees.  It would do so even if it were to accept that binary options

lack a traditional option's essential character.  Close scrutiny of the relevant provisions

of the Act, identified above, reveals that a financial instrument's "essence" is only one of

two ways that it can qualify under the Act's definition of an option.  The definition also

includes any instrument that is "commonly known to the trade" as an option.

Here, Defendants concede that the term "binary option" is "colloquially popular"

[DE 39 at 8] and that "the nomenclature 'option' is used" to refer to the instruments [id.

at 2.].  Further, and more important at this stage in the litigation, the Complaint's well-

pleaded allegations describe the instruments at issue as "binary options."  [DE 1 at 6.]

Construing the Complaint liberally in the Commission's favor, the allegations imply that

the term is not novel, but instead generally known and that it has a fixed definition.  [See

id.]  These allegations permit the Court to plausibly infer that binary options are "known

to the trade as an option," as the Commodity Exchange Act requires.

> **B.    The Commission may sue Defendants for violation of the Commodity Exchange Act, even if the violations concerned transactions between non-U.S. residents and Non-U.S. electronic platforms.**

Next, Defendants argue that the Commission lacks authority to bring this suit to

the extent that it concerns foreign purchasers of instruments traded on foreign

exchanges.  In making this argument, Defendants rely upon the Supreme Court's

decision in Morrison v. National Australia Bank, Ltd., 561 U.S. 247 (2010).

The Supreme Court's Morrison decision limited private rights of action under

Section 10(b) of the Securities Exchange Act.    Specifically, the Supreme Court held

that the statute applied only to domestic—not foreign—securities transactions. Accordingly, a private plaintiff may sue under Section 10(b) only if "the purchase or sale [of the subject security] is made in the United States, or involves a security listed on a domestic exchange." 561 U.S. at 269–70. Otherwise, private individuals may not sue (under the Section 10(b), at least) even if they were harmed by fraudulent conduct that occurred in the United States.

Courts have since applied <u>Morrison</u>'s limitation to private suits under the Commodity Exchange Act. The Southern District of New York, for example, did so in <u>Loginovskaya v. Batratchenko</u>, 936 F. Supp. 2d 357 (S.D.N.Y. 2013). There, the court held that a Russian citizen had no cause of action under the Commodity Exchange Act for fraud occurring in the United States where the investment contracts "were negotiated in Russia, signed in Russia, and the meeting of the minds occurred in Russia." <u>Id.</u> at 374. Other courts and commentators concur that applying <u>Morrison</u>'s holding to the Commodity Exchange Act's private right of action is appropriate. <u>See</u> Wolowitzand & Houpt, 6 Bus. & Com. Litig. Fed. Cts. § 71:4 (3d ed.).

But the extra-territorial reach of a *private* right of action under the Commodity Exchange Act is a "different, and somewhat more complicated question" than that of a suit brought by the Commission. <u>Id.</u> The Supreme Court premised the test enumerated in <u>Morrison</u> on its conclusion that Section 10(b) of the Securities Exchange Act applied only to domestic transactions. This holding was, in turn, based upon the "longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." 561 U.S. at 255 (quotation marks omitted). The Supreme Court observed that "there is no

affirmative indication in the [Securities] Exchange Act that § 10(b) applies extraterritorially." Id. at 265.  Accordingly, the provision permitted suits only concerning domestic transactions—those made in the United States or involving securities listed on American exchanges.

The Commodity Exchange Act, though, *does* contain an affirmative indication that it applies to extraterritorial transactions, at least concerning suits brought by the Commission itself.  Specifically, 7 U.S.C. § 6(b)(2) permits the Commission to "adopt rules and regulations proscribing fraud," and other rules, even if they concern instruments or transactions "made on or to be made subject to the rules of a board of trade, exchange, or market located outside the United States," so long as that fraud or other regulated behavior is committed by "any person located in the United States." And, of course, Section 13a-1 permits the Commission to sue over "any practice constituting a violation of any provision of [the Commodity Exchange Act] or any rule, regulation, or order thereunder."

Here, the Complaint alleges that Defendants committed their misconduct from Florida.  [DE 1 at 4–5.]  The suit is therefore authorized by Sections 13a-1 and 6(b)(2) and Defendants arguments under Morrison appear inapposite.

IV.    **Conclusion**

Accordingly, it is **ORDERED and ADJUDGED** as follows:

Defendants' Motion to Dismiss [DE 39] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 3rd day of June, 2016.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.