# EXHIBIT 2

## IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' AND RELIEF DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-60297-CIV-COHN/SELTZER

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| **v.** | ) <br> ) |
| **VISION FINANCIAL PARTNERS, LLC, AND NEIL PECKER,** | ) <br> ) <br> ) |
| **Defendants,** | ) |
| **AND** | ) <br> ) |
| **PROMETHEUS ENTERPRISES, INC., WESTWARD INTERNATIONAL LTD., COUCARIN HOLDINGS LTD., AND GDCM TRUST,** | ) <br> ) <br> ) <br> ) |
| **Relief Defendants.** | ) |

## DECLARATION OF RICK GLASER

Pursuant to 28 U.S.C. § 1746, I, Rick Glaser, under penalty of perjury, do hereby declare as follows:

1.      I am a Deputy Director with the Division of Enforcement ("Division") of the U.S. Commodity Futures Trading Commission ("Commission") in Washington, DC.  As Deputy Director, I report to the Director of the Division of Enforcement.  Eugenia Vroustouris and Elizabeth Davis, who are counsel of record for the Commission in this proceeding, are both staff attorneys within the Division, and report to me.  I am the assigned Deputy Director in charge of the *CFTC v. Vision Financial Partners, LLC, et al.* litigation ("Vision").

2.      Among other things, the Division investigates and, as necessary and appropriate, prosecutes entities and individuals who violate the Commodity Exchange Act ("Act"), 7 U.S.C.

§§ 1 *et seq.* (2012) and the Commission's Regulations ("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2016).

3.      Among my duties as Deputy Director, I work with Division staff in negotiating proposed settlement terms in federal court litigations; drafting proposed settlement documents; and, since the Division does not possess final settlement authority, making written recommendations to the Commission that it accepts or rejects a proposed settlement.

4.      As part of the settlement process, when a defendant claims an inability to pay one or more of disgorgement, restitution, and/or a civil monetary penalty, it has been long-standing Division policy to require a defendant to complete the financial disclosure statement ("disclosure statement"). The purpose of the disclosure statement is to verify the truth of a defendant's claim of an inability to pay, a claim often made through counsel. The verification process through the disclosure statement is important for at least two reasons. First, from the Division's perspective, if a defendant has sufficient resources to pay all or some of disgorgement, restitution, and/or a civil monetary penalty, then it would be inappropriate to allow the defendant to not make some financial payment to the victims of defendant's fraud. Otherwise, this would allow a defendant to retain the proceeds of its fraud while the victims receive nothing. Second, the Division needs to provide full information to the Commission to assist in its consideration of an offer of settlement. The disclosure statement, which is signed and notarized, permits the Commission to know whether victims of a defendant's fraud will be made whole or partially whole as part of the mix of things that the Commission might consider in determining whether to accept or reject an offer of settlement.

5.      With regard to Vision, I was involved with Division staff in the settlement negotiations from the outset. I am fully aware that Defendants and Relief Defendants have submitted a

proposed consent order for permanent injunction ("proposed consent order") for consideration by the Commission. I am also fully aware that Defendants and Relief Defendants have not executed the disclosure statement.

6.       Because Defendants and Relief Defendants have not executed the disclosure statement, I did not initiate the process of recommending the proposed consent order to the Commission for its consideration. In this case, it was not appropriate to start that process. No one else in the Division initiated the process in my stead. Thus, there was no recommendation made to the Commission, let alone Commission approval of the proposed consent order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Rick Glaser

Dated:

Washington, D.C.